UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

HYE-YOUNG PARK,

       Plaintiff,

v.

ROBERT E. STAKE, et al.,

       Defendants.

Case No. 20-2149

## REPORT & RECOMMENDATION

On May 29, 2020, Plaintiff filed her Complaint (#1) against Defendants Robert E. Stake, Menah Pratt-Clarke, Heidi Johnson, Kaamilyah Abdullah-Span, Michal T. Hudson, and the Board of Trustees of the University of Illinois. With her Complaint, Plaintiff filed a Motion for leave to proceed in forma pauperis (#2). Plaintiff also filed a Motion for Leave to Become E-Filer (#3), and Motion to Assign Case (#5). For the reasons discussed below, the Court recommends that Plaintiff's Complaint be dismissed as frivolous under 28 U.S.C. § 1915(e)(2).

**I.     Background**

Plaintiff's Complaint alleges that University employees Robert Stake and Charles Secolsky engaged in sexual misconduct toward Plaintiff. Plaintiff's Complaint alleges that Defendants violated her civil rights by failing to follow the University of Illinois' ("University") Policy and Procedures for Addressing Discrimination and Harassment at the University of Illinois, Urbana-Champaign and by retaliating against Park after she filed a complaint about Secolsky's sexual harassment. All Defendants are or were employed by the University.[1]

---

[1] Michael Hudson, Heidi Johnson, and Kaamilyah Abdullah-Span work at the Office of Diversity, Equity, and Access ("ODEA"). Menah Pratt-Clarke works in the Office of the Chancellor. Robert Stake is a professor emeritus.

Plaintiff's Complaint recognizes that she filed prior lawsuits arising from the same set of facts with this Court. Plaintiff also acknowledges that she appealed the Court's rulings to the Seventh Circuit and that the Seventh Circuit affirmed the District Court.

## II.   Legal Standard

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding in forma pauperis at any time if the court determines that the action is frivolous, malicious, or fails to state a claim. 28 U.S.C. § 1915(e)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Two claims arising from the same facts are one claim for res judicata purposes, and may not be split, whether by making each claim the subject of a separate suit, or, if the previous judgment was rendered in a suit that continued against another defendant, by adding the new claim by way of an amendment to the original complaint." *Wilson v. City of Chicago*, 120 F.3d 681, 687 (7th Cir. 1997).

The Seventh Circuit has further explained that when a case proceeding in forma pauperis is barred by res judicata, it should be dismissed during the 1915(e)(2) merit review. *Gleash v. Yuswak*, 308 F.3d 758, 760-61 (7th Cir. 2002). The Court noted, that when a case is barred by res judicata, "there [is] no point to serving the defendants with process, forcing them to engage counsel, and then waiting for the inevitable motion to dismiss on preclusion grounds." *Id.* at 61. Instead, it is "sensible to stop the suit immediately, saving time and money for everyone concerned." *Id.*

2

For res judicata to apply, there must be (1) an identity of the parties in the two suits; (2) a final judgment on the merits in the first; and (3) an identity of the causes of action. *Barr v. Board of Trustees of Western Illinois University*, 796 F.3d 837, 840 (7th Cir. 2015).

### III.   Analysis

Plaintiff's Complaint is 79 pages long and contains the same factual and legal allegations contained in her original complaint filed in this district: *Park v. Hudson, et al.*, 15-cv-2136 ("2015 Case"), *Park v. Board of Trustees of the University of Illinois et al.*, 18-cv-2090 ("2018 Case"), and *Park v. Abdullah-Span, et al.*, 19-cv-2107 ("2019 Case").[2] In both her 2015 and 2018 cases, Plaintiff's Complaint alleged that Secolsky and Stake sexually harassed Plaintiff and that the University Defendants were involved in the ODEA's handling of her sexual harassment complaints.

In Plaintiff's 2015 Case, Defendants included the Board of Trustees of the University of Illinois, University employee Heidi Johnson, Charles Secolsky, and Robert Stake. (#15-2136, #44.) Plaintiff's 2018 case included the Board of Trustees of the University of Illinois and added University employees Kaamilyah Abdullah-Span and Menah Pratt-Clark as Defendants.[3] (#18-2090, #1.) Plaintiff's 2019 Case included the same Defendants as her 2018 Case. Accordingly, Defendants Board of Trustees of the University of Illinois, Robert Stake, Heidi Johnson, Kaamilyah Abdullah-Span and Menah Pratt-Clark have all been Defendants in Plaintiff's prior cases.

In Plaintiff's 2015 case, the district judge granted summary judgment in favor of the University of Illinois Board of Trustees and terminated the Board and the individual University employees as defendants. (#15-2136, #162.) The district court's summary judgment order further granted summary judgment in favor of Defendant Stake and Secolsky as to one count for each. (#15-2136, #162.) The case proceeded to trial as to the remaining counts against Stake and Secolsky. The jury found in favor of Defendant

---

[2] On the same day Plaintiff filed the instant Complaint, she filed two additional cases involving the same operative facts: *Park v. Board of Trustees of the University of Illinois*, 20-cv-2148 and *Park v. Bruce*, 20-cv-2150.
[3] This Defendant's name was spelled Menah Pratt-Clark in the 2018 case and Menah Pratt-Clarke in the instant case.

3

Stake as to all remaining counts. The jury found in favor of Plaintiff and against Defendant Secolsky as to five of Plaintiff's counts, awarding Plaintiff $150,000 in compensatory damages and $350,000 in punitive damages. (#15-2136, #244.)

The district judge dismissed Plaintiff's 2018 and 2019 cases under 42 U.S.C. § 1915(e)(2)(B)(i) as frivolous. (#18-2090, #8; #19-2107, #6) The Court found Plaintiff's 2018 case was frivolous as barred by *res judicata* as Plaintiff's 2018 and 2019 claims were "nearly identical" to those made in her 2015 case and arose out of the same core of operative facts. (#18-2090, #8.) The Court denied Plaintiff's Motion for Leave to Proceed in Forma Pauperis, dismissing Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's claims in this case are barred by res judicata. First, there is an identity of parties in the 2015 Case and this case. Plaintiff, Robert Stake, the University of Illinois Board of Trustees, and Michal T. Hudson are all named in both cases. As with Plaintiff's 2018 case, she added University employees here including Menah Pratt-Clarke, Heidi Johnson, and Kaamilyah Abdullah-Span. The allegations against the University employees are identical to the allegations made against other individual University employees involved in the ODEA investigation who were named in the 2015 Case. Res judicata applies even when one action includes parties that were not named in the other action, as long as the party against whom the doctrine is asserted was a party to the other litigation. *In re LB Steel, LLC*, 572 B.R. 690, 700 (Bankr. N.D. Ill. 2017).

Second, there is an identity of the cause of action. The factual allegations made in this case are nearly identical to those Plaintiff made in the 2015 case. Plaintiff again details her involvement with the University and the alleged sexual harassment she endured by Secolsky and Stake. Park then describes the steps she took to file complaints with the University. In this discussion, Park alleges that the University employee defendants violated the University's policies in investigating her claims. As with her 2015 Case, Plaintiff again argues that the University Defendants retaliated against her after she complained of Secolsky and Stake's actions. Even the facts and claims that Plaintiff slightly modified arose out of the same core of operative facts as Plaintiff's 2015 Case. *See Matrix IV, Inc. v. American National Bank and Trust Company of Chicago*, 649 F.3d

539, 547 (7th Cir. 2011) (explaining that whether an identity of cause of action exists depends on whether claims arise out of same set of operative facts, because even if the two claims are based on different legal theories, the two claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations).

Third, a final judgment on the merits was reached on Plaintiff's 2015 Case through the Court's summary judgment order and the jury verdict reached on August 24, 2018. That decision was affirmed by the Seventh Circuit on October 21, 2020, resulting in a final judgment disposing of all claims.

Although a district court should "allow ample opportunity for amending the complaint when it appears that by doing so the pro se litigant would be able to state a meritorious claim," it need not do so if nothing suggests that the plaintiff would be able to state a meritorious claim through amendment. *Mast v. Chase*, 2013 WL 1785520 (N.D. Ind. April 25, 2013) (citing *Marshall v. Knight*, 445 F.3d 965, 970 (7th Cir. 2006)). Nothing in this case suggests that Plaintiff would be able to state a meritorious claim through amendment. Amendment in this case would be futile.

Accordingly, all three factors required for res judicata are present. Plaintiff's Complaint is frivolous. Allowing Plaintiff to proceed with this case would be a waste of resources of all those involved. The Court sees no point in "serving the defendants with process, forcing them to engage counsel, and then waiting for the inevitable motion to dismiss on preclusion grounds." *Gleash*, 308 F.3d at 761. Accordingly, the Court recommends that Plaintiff's Complaint be dismissed under 28 U.S.C. § 1915(e)(2).

### IV. Conclusion

For these reasons, the Court recommends that:

(1) Plaintiff's Motion for Leave to Proceed in Forma Pauperis (#2) be DENIED,

(2) Plaintiff's Motion for Leave to Become E-Filer (#3) and Motion to Assign Case (#5) be DENIED,

(3) Plaintiff's pro se Complaint (#1) be dismissed under 28 U.S.C. § 1915(e)(2)(B), and

(4) This case be terminated.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within fourteen (14) days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 25th day of January, 2021.

                                                    s/ ERIC I. LONG
                                     UNITED STATES MAGISTRATE JUDGE