UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| HYE-YOUNG PARK, a/k/a LISA PARK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE BOARD OF TRUSTEES OF THE ) <br> UNIVERSITY OF ILLINOIS, ROBERT E. ) <br> STAKE, MENAH PRATT-CLARKE, ) <br> HEIDI JOHNSON, KAAMILYAH ) <br> ABDULLAH-SPAN, and MICHAL T. ) <br> HUDSON, ) <br> ) <br> Defendants. ) | Case No. 2:20-cv-02149-SLD-EIL |

## MERIT REVIEW ORDER

Plaintiff Hye-Young Park, proceeding pro se, alleges that Defendants Board of Trustees of the University of Illinois ("the Board"), Robert E. Stake, Menah Pratt-Clarke, Heidi Johnson, Kaamilyah Abdullah-Span, and Michal T. Hudson (collectively "Defendants") violated her civil rights after she sought relief from the sexual harassment and retaliation imposed by a visiting researcher and a professor affiliated with the University of Illinois. Compl. 1–2, ECF No. 1. Before the Court is United States Magistrate Judge Eric I. Long's Report and Recommendation ("R&R"), ECF No. 10, which recommends dismissing the Complaint as frivolous and denying Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 2 ("IFP Application"), Motion for ECF Registration, ECF No. 3, and motion to assign the case to Judges Colin S. Bruce and Eric I. Long, ECF No. 5. Also before the Court are Plaintiff's objections, ECF No. 11, and Plaintiff's motion for leave to file an amended complaint, ECF No.

1

12.[1]  For the reasons that follow, the objections are OVERRULED, and the R&R is ADOPTED IN PART and REJECTED IN PART.  The motion for leave to file an amended complaint is DENIED.

## BACKGROUND

Plaintiff alleges Robert E. Stake and Charles Secolsky sexually harassed her while she was a student and also while she engaged in Optional Practical Training ("OPT") through the University of Illinois.  Compl. 1, 9, 16, 25.  Secolsky was a visiting researcher who taught a University of Illinois class and worked with Plaintiff on grant proposals and academic activities and projects.  *Id*. at 1, 3, 25.  Robert Stake was a professor at the University of Illinois who permitted Secolsky to teach one of his classes.  *Id*. at 3, 25.  In 2013, Stake kissed Park without consent.  *Id*. at 9, 38, 57.  On June 21, 2014, Plaintiff notified Stake of Secolsky's sexual misconduct, but he refused to help.  *Id*. at 8, 25.  On June 26, 2014, she sought help from Michal Hudson, a senior specialist at the University of Illinois's Office of Diversity, Equity, and Access ("ODEA").  *Id*. at 2, 30.  On August 4, 2014, Hudson met with Stake to discuss Park's allegations.  *Id*. at 30, 37.  The ODEA dropped its investigation after the meeting.  *Id*. at 31.  It concluded that Plaintiff was not considered a University employee, that it had no jurisdiction over Plaintiff's complaints, and that the office would take no further action.  *Id*.  Plaintiff asserts that because she was conducting research through OPT and employed by the University, ODEA's decision to ignore her status and not address her complaints violated her rights.  *Id*. at 54.

---

[1] On February 10, 2021, after Judge Long's R&R had been entered, Plaintiff filed an 87-page amended complaint with 513 pages of exhibits.  ECF No. 12.  The Court construes this filing as a motion for leave to file an amended complaint and an amended complaint.

2:20-cv-02149-SLD-EIL   # 13   Page 3 of 10

Plaintiff asserts the following claims against the Board:  42 U.S.C. § 1983 denial of substantive due process by promoting policies under which, based on sex, Stake could discriminate against Park and refuse to take action regarding Secolsky's misconduct, and the Board could refuse to take action about any of it, *id*. at 59, 62, 64; Title IX, 20 U.S.C. § 1681, based on Stake's retaliation, creation of a hostile work environment, and imposition of a quid pro quo based on sex, *id*. at 62, 63; Title VII, 42 U.S.C. § 2000e–e-17, based on Stake's sex discrimination, *id*. at 63; and respondeat superior, *id*. at 65.  Plaintiff asserts the following against Stake:  violations of 720 ILCS 5/11-1.50 (criminal sexual abuse), *id*. at 58, and Illinois 720 ILCS 5/12-7.1 (hate crime), *id*.; assault, *id*. at 57; battery, *id*.; Illinois Gender Violence Act, 740 ILCS 82/10, *id*. at 58–59; 42 U.S.C. § 1983 denial of substantive due process by sexually harassing Plaintiff and permitting Secolsky's misconduct, *id*. at 59, 64; intentional infliction of emotional distress, *id*. at 65; Illinois Human Rights Act retaliation, 775 ILCS 5/6-101, *id*. at 59; and defamation, *id*. at 60.  Plaintiff asserts the following claims against Defendants Pratt-Clarke, Johnson, Abdullah-Span, and Hudson:  denial of substantive due process by failing to respond to Plaintiff's complaints about Stake's misconduct, *id*. at 62; and Title VII, based on Stake's sex discrimination, *id*. at 63.[2]

As Plaintiff readily admits, *id*. at 3–5, she has already filed three lawsuits against Defendants about these matters:  *Park v. Hudson*, 2:15-cv-02136-SLD-EIL ("2015 Case"), *Park v. Board of Trustees of the University of Illinois*, 2:18-cv-02090-CSB-EIL ("2018 Case"), and *Park v. Abdullah-Span*, 2:19-cv-02107-CSB-EIL ("2019 Case").  She claims this case is

---

[2] Plaintiff does not allege many facts to support her claims against Abdullah-Span other than she "informed [Pratt-Clark] that Defendants did not have jurisdiction to respond to [Plaintiff's] allegations." Compl. 12 (quotation marks omitted).  Plaintiff's allegations against Pratt-Clarke are similarly sparse.  She states, "During the discovery in Case No. 15-2136, it was uncovered that Abdullah-Span and Pratt-Clarke had also been deeply involved in [Plaintiff]'s complaints and claimed that [Plaintiff] had no status at the University." *Id*. at 3–4.  Johnson is the ODEA Director. *Id*. at 2.  Based on these statements, the Court infers Plaintiff is alleging these Defendants were involved with the ODEA review.

different because she has sued the Board for their deliberate indifference to her complaints regarding Stake's sexual harassment and retaliation and she seeks to hold Stake accountable for his sexual harassment, retaliation against her after she filed a complaint with the ODEA, and deliberate indifference to her complaints regarding Secolsky's sexual harassment and retaliation. Compl. 1. Judge Long finds the case is barred by res judicata and recommends dismissing it as frivolous in light of the earlier cases. R&R 3–5. Plaintiff objects to the R&R by arguing that res judicata does not apply and by reiterating some of the claims made in her 79-page complaint. Objections 5–11.

## DISCUSSION

### I. Merit Review

#### A. Legal Standard

Because Plaintiff has filed an IFP Application, the Court reviews the complaint for merit under 28 U.S.C. § 1915(e)(2). In reviewing a pro se complaint for merit, a court takes all factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649, 651–52 (7th Cir. 2013). However, conclusory statements and labels are insufficient. *See id*. at 651–52. The factual allegations must "state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and a court may dismiss any claim that "is frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(i), or "seeks monetary relief [from] a defendant who is immune from such relief," *id.* § 1915(e)(2)(B)(iii).

When a magistrate judge considers a pretrial matter dispositive of a party's claim or defense, he must enter a recommended disposition. Fed. R. Civ. P. 72(b)(1). Parties may object within fourteen days of being served with a copy of the recommended disposition. *Id*. 72(b)(2). The district judge considers de novo the portions of the recommended disposition that were

properly objected to and may accept, reject, or modify the recommended disposition or return it to the magistrate judge for further proceedings. *Id*. 72(b)(3). Plaintiff's objections are timely.

### B. Analysis

"[R]es judicata protects the finality of [a final] judgment and prevents parties from undermining it by attempting to relitigate the claim. Res judicata promotes predictability in the judicial process, preserves the limited resources of the judiciary, and protects litigants from the expense and disruption of being haled into court repeatedly." *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011). Thus, res judicata bars a subsequent lawsuit if there is "(1) an identity of the parties in the two suits; (2) a final judgment on the merits in the first; and (3) an identity of the causes of action." *Barr v. Bd. of Trs. of W. Ill. Univ.*, 796 F.3d 837, 840 (7th Cir. 2015). "[T]wo claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations." *Id.* (quotation marks omitted). "Where it applies, res judicata prevents the relitigation of claims already litigated as well as those that could have been litigated but were not." *Palka*, 662 F.3d at 437. "Although res judicata is an affirmative defense, dismissal at screening is proper when it is clear from the face of the complaint that res judicata bars the claims." *Atherton v. St. Vincent Hosp.*, 774 F. App'x 304, 305 (7th Cir. 2019) (quotation marks omitted). Relatedly, collateral estoppel or issue preclusion "prevent[s] relitigation of issues resolved in an earlier suit." *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014). Collateral estoppel applies when:

> (1) the issue sought to be precluded is the same as an issue in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; (3) the determination of the issue must have been essential to the final judgment; and (4) the party against whom estoppel is invoked must have been fully represented in the prior action.

*Id*.

### i.   2015 Case

In 2015, Plaintiff brought suit against four[3] of the Defendants named here: the Board, Hudson, Johnson, and Stake. 2015 Case Compl., ECF No. 1. Plaintiff asserted that the Board discriminated against her based on her sex, *see* Title IX, 20 U.S.C. § 1681, when university officials learned about Stake and Secolsky and then did nothing. *Id*. at 30–33. Plaintiff also argued the Board permitted those officials to retaliate against Plaintiff, based on her sex and race, by encouraging Professor Nancy Abelmann to stop sponsoring Plaintiff for immigration purposes, 20 U.S.C. § 1681; 42 U.S.C. § 1981; and denied Plaintiff substantive due process by promoting policies under which officials could refuse to take action after someone complained about harassment, *see* 42 U.S.C. § 1983. *Id*. at 36–44. Plaintiff asserted similar § 1981 and state law retaliation claims against Hudson and Johnson for their role in encouraging the professor to stop sponsoring Plaintiff and § 1983 due process and equal protection claims against Hudson, Johnson, and Stake for failing to stop the harassment and for their decision to take no action. *Id*. at 33–36; 39–42. Plaintiff also sued Stake for assault, battery, an Illinois hate crime violation, and an Illinois Gender Violence Act claim. *Id*. at 26–30.

The district court granted the defendants' motion to dismiss Plaintiff's § 1983 and § 1981 claims against the Board and her § 1981 retaliation claim against Hudson and Johnson on the basis of Eleventh Amendment immunity. 2015 Case Jan. 20, 2016 Order 13–14; 16–17, ECF No. 33 (accepting Plaintiff's voluntary dismissal of her state law retaliation claim). The district court later entered summary judgment in Defendants' favor on the Title IX claims against the Board and the substantive due process claim against Hudson, Johnson, and Stake because Plaintiff did not identify any instances of harassment after she met with the ODEA and therefore,

---

[3] Plaintiff also sued Secolsky, but did not name him as a defendant here.

had not presented evidence that any defendants had denied her due process or discriminated against her. 2015 Case Jan. 30, 2018 Order 45–52, ECF No. 162. Plaintiff won on her battery charge against Stake. *Id.* at 23–24. Lastly, the district court concluded that Plaintiff's Title IX retaliation claim against the Board failed because she failed to present sufficient evidence of a causal link between her notice to the ODEA and the professor's decision to stop sponsoring her OPT. *Id.* at 52–55. The court entered judgment as a matter of law in Stake's favor on the assault claim. 2015 Case Aug. 23, 2018 Min. Entry. The jury awarded no damages for the battery count and found for Stake on both the Illinois hate crime violation and the Illinois Gender Violence Act claim. 2015 Case Jury Verdict 51–56, ECF No. 242.

### ii. 2018 Case

In 2018, Plaintiff filed another case against the Board and this time added Abdullah-Span, ODEA Senior Associate Director, and Pratt-Clarke, the University of Illinois's Associate Chancellor and Associate Provost for Diversity. 2018 Case Compl. 8, ECF No. 1; 2018 Case Suppl. Compl. 2–7, ECF No. 5. She again brought Title IX, substantive due process, and 42 U.S.C. § 1981 claims against the Board and added a Title VI claim. 2018 Case Suppl. Compl. 2–5. She alleged substantive due process, state law retaliation, 42 U.S.C. § 1981, and Title VII claims against Abdullah-Span and Pratt-Clarke. *Id.* Her claims were based on the same set of facts as the 2015 Case—Secolsky's harassment and the University and its officials' alleged failure to recognize her University status or remedy the harassment. The district court concluded the case was barred by res judicata. 2018 Case May 7, 2018 Order 3–5, ECF No. 8. On appeal, the Seventh Circuit affirmed as to the Board but held that because Abdullah-Span and Pratt-Clarke were not parties to the 2015 Case, collateral estoppel applied to them rather than res judicata. *Park v. Bd. of Trs. of Univ. of Ill.*, 754 F. App'x 437, 439 (7th Cir. 2018).

7

> [T]here are precise issues of fact and law that were actually litigated and necessarily decided in the underlying case. [Plaintiff's] Title VI and Title VII claims against the Board are based on the "same, or nearly the same, factual allegations" as undergirded her due-process claim in the first suit. *Barr*, 796 F.3d at 840 (internal quotation marks omitted). Specifically, the Title VI, Title VII, and due process claims are all based on her allegation that the Board was responsible for the university officials' failure to stop the harassment. The district court concluded in the first suit that the Board was not responsible for the harassment she suffered because [Plaintiff] could not point to any instance of harassment after she complained to the ODEA. Similarly, regarding her allegations here of discrimination based on sex and national origin, the district court determined in the first suit that [Plaintiff] could not identify a single instance of harassment after she complained to the ODEA, so no university defendant could be liable for failing to correct a situation that did not require remedying. Finally, regarding [Plaintiff's] allegations here of retaliation based on race, sex, and national origin, the district court determined in the first suit that there was no causal link between her complaint to the ODEA and her professor ending her immigration sponsorship.

*Id.* at 439.

### iii.    20-2149

In this case, Plaintiff asserts virtually the same claims and factual allegations against Defendants as she alleged in the 2015 and 2018 cases. Plaintiff objects to the R&R recommending dismissal due to res judicata because (1) Plaintiff's retaliation claim against Stake was not included in the 2015 Case, Objections 6; (2) her Title IX claims are based on Stake's misconduct, *id.*; (3) the 2015 Case remains pending because Judge Bruce recently recused himself, *id.* at 6–7; and (4) the R&R does not address the district court's many alleged fabrications, *id.* at 7–11.

The Court finds res judicata bars Plaintiff's claims against the Board, Stake, Hudson, and Johnson. The 2015 Case and this case share five parties: Plaintiff, the Board, Stake, Johnson, and Hudson. The court entered final judgment on the merits when it either dismissed Plaintiff's claims against the Board, Hudson, and Johnson with prejudice, 2015 Case Jan. 20, 2016 Order 18, denied or granted them by entry of summary judgment, 2015 Case Jan. 30, 2018 Order 56,

8

granted judgment as a matter of law, 2015 Case Aug. 23, 2018 Min. Entry, or entered judgment on the jury's verdict, 2015 Case Jury Verdict 51–56. *See* 2015 Case Judgment, ECF No. 244. While the claims are not identical, Plaintiff could have brought the new 2020 claims in 2015 because they are based on Secolsky and Stake's sexual harassment and the University's response. *See Barr*, 796 F.3d at 840 ("[T]wo claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations." (quotation marks omitted)); *Palka*, 662 F.3d at 437 (holding that "res judicata prevents the relitigation of claims . . . that could have been litigated but were not").

Similarly, Plaintiff's claims against Pratt-Clarke and Abdullah-Span are barred by collateral estoppel, even though the two were not parties to the 2015 Case, because the issues presented here were actually ligated in the 2015 Case and were essential to the final judgment. *See Park*, 754 F. App'x at 439 (holding that the Board could not be responsible for the university officials' failure to stop the harassment because no harassment occurred after Plaintiff complained to the ODEA and there was no evidence of a causal link between Plaintiff's complaint to the ODEA and the professor's decision to stop sponsoring Plaintiff). Lastly, Plaintiff was fully represented in the 2015 Case. *See Adams*, 742 F.3d at 736.

Plaintiff's complaint is clearly barred by res judicata and collateral estoppel and is therefore frivolous. *See Gleash v. Yuswak*, 308 F.3d 758, 762 (7th Cir. 2002) (concluding that claim barred by affirmative defense of res judicata is frivolous).

## II.   Assorted Motions

Judge Long recommends denying Plaintiff's IFP Application, presumably because he finds her case frivolous. The Court REJECTS that recommendation and grants the IFP Application because it sufficiently demonstrates that Plaintiff is unable to pay the costs of these

proceedings.  The Court ADOPTS Judge Long's recommendation to deny Plaintiff's Motion for ECF Registration and motion to assign the case to Judges Colin S. Bruce and Eric I. Long. Plaintiff's proposed amended complaint is entered on the "same operative facts" as the complaint; even if the Court granted the motion, it would dismiss the amended complaint as barred by res judicata.  *See Palka*, 662 F.3d at 437.  Although a court must "construe *pro se* complaints liberally and . . . allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigant would be able to state a meritorious claim," *Kiebala v. Boris*, 928 F.3d 680, 684 (7th Cir. 2019) (quotation marks omitted), a court does not have to permit amendment when doing so would be futile, *see Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015).  Plaintiff's motion for leave to file an amended complaint is DENIED.

## CONCLUSION

Accordingly, Judge Long's Report and Recommendation, ECF No. 10, is ADOPTED IN PART and REJECTED IN PART.  The Court dismisses Plaintiff's complaint as frivolous; Plaintiff's objections, ECF No. 11, are OVERRULED.  The Court GRANTS the IFP Application, ECF No. 2, DENIES Plaintiff's Motion for ECF Registration, ECF No. 3, her motion to assign the case to Judges Colin S. Bruce and Eric I. Long, ECF No. 5, and her motion for leave to file an amended complaint, ECF No. 12.  The Clerk is directed to enter judgment and close the case.

Entered this 25th day of March 2021.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
